5 F.3d 539
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re Evalyn PREBLICH, Debtor.
Evalyn PREBLICH, Appellant,
v.
Kenneth W. BATTLEY; Dennis Sammut, Appellees.
 No. 92-36540.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 24, 1993.
 
 Appeal from the United States District Court for the District of Alaska; No. CV-91-419-HRH, H. Russel Holland, Chief District Judge, Presiding.
 D.Alaska
 AFFIRMED.
 Before PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chapter 7 debtor Evalyn Preblich appeals pro se from the district court's affirmance of a bankruptcy court order authorizing the sale of certain bankruptcy estate property near Hope, Alaska to appellee Dennis Sammut by appellee-trustee Kenneth W. Battley. The district court held that because Preblich had failed to obtain a stay pending appeal, her challenge to the sale was moot under 11 U.S.C. Sec. 363(m). Preblich also petitions this court to stay the present appeal pending resolution by the Ninth Circuit Bankruptcy Appellate Panel of an allegedly related matter arising from the same bankruptcy. Sammut, meanwhile, moves this court to strike Preblich's Reply Brief.
 
 
 3
 We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm the order of the district court, and deny the motions of both parties.
 
 I.
 MOOTNESS
 
 4
 The district court ruled that Preblich's challenge to the bankruptcy court's authorization of the sale of the subject property was moot under 11 U.S.C. Sec. 363(m) because she had failed to obtain a stay pending appeal. Preblich does not dispute the fact that she did not obtain a stay, but instead offers reasons why this situation should be excepted from the stay requirement. After careful consideration of these arguments, we conclude that all of them lack merit.
 
 
 5
 Section 363(m) provides that an appeal from the bankruptcy court's authorization of the sale of certain property cannot affect the rights of a good faith purchaser, unless the debtor stays the sale pending an appeal.[1] We have applied this statute strictly, and have recognized only two situations in which failure to obtain a stay will not render an appeal moot: "(1) where real property is sold to a creditor subject to the right of redemption and (2) where state law would otherwise permit the transaction to be set aside." In re Mann, 907 F.2d 923, 926 (9th Cir.1990) (internal citations omitted). We have done so in the interest of promoting finality in bankruptcy. See In re Onouli-Kona Land Co., 846 F.2d 1170, 1172 (9th Cir.1988).
 
 
 6
 Preblich argues that her appeal of the sale authorization order is not moot because she holds a statutory right of redemption in the subject property which would authorize the setting aside of the sale under state law. Preblich fails, however, to explain either the factual or statutory basis of this claim. Indeed, she cites no Alaska law whatsoever for the proposition that the trustee's sale of the property in this case may be set aside for any reason. Our own research, reveals that Alaska statutes do recognize a right of redemption, but only where property is sold to satisfy a judgment or other lien. See Alaska Stat. Secs. 09.35.250 (redemption by judgment debtor or successor), 09.45.190 (redemption after foreclosure of lien) (1983). The sale at issue here falls into neither of these categories; it was an ordinary sale of estate assets for the purposes of bankruptcy liquidation.
 
 
 7
 Preblich also argues that section 363(m) is not applicable to her appeal because Sammut did not purchase the property in "good faith" within the meaning of the statute. Specifically, Preblich contends that the sale price was not adequate, that the auction was not adequately advertised, and that the trustee agreed to pay for unnecessarily expensive environmental cleanup measures. We have defined a lack of good faith under this statute to constitute "fraud, collusion ... or an attempt to take grossly unfair advantage of other bidders." Onouli-Kona Land Co., 846 F.2d at 1173.
 
 
 8
 After reviewing Preblich's contentions, we conclude that none are sufficient to establish a lack of good faith on the part of Sammut. First of all, we have explicitly held that good faith does not depend on the value paid for the subject property. Id. at 1174. Preblich's contentions that Sammut did not pay a sufficiently high purchase price are therefore unavailing. Second, the fact that advertisement of the property was not as extensive as Preblich wished, does not render the sale fraudulent, collusive or unfair. According to the district court, the property was advertised in the Hope-Sunrise area, and was ultimately sold at an auction in which Sammut and one other individual bid against each other. Under these circumstances, we are unable to conclude that the sale lacked good faith. Third, the fact that the trustee may have paid more than necessary for environmental cleanup in connection with the sale is entirely irrelevant to Sammut's good faith. Although these expenditures may have effectively lowered the purchase price, the inadequacy of that price will not establish that Sammut lacked good faith.
 
 
 9
 Finally, Preblich argues that her appeal should not be adjudicated moot under section 363(m), because the trustee unlawfully exercised control over the subject property. According to Preblich, the trustee recovered the property from Preblich's husband and son as a fraudulent conveyance, under a judgment of the bankruptcy court. Preblich contends, however, that the fraudulent conveyance judgment was in error and that the trustee did not have a right to sell the property to Sammut.
 
 
 10
 However true Preblich's contentions may be, the fraudulent conveyance issue was the subject of a separate bankruptcy court order which was separately appealable and is not presently before this court. Moreover, a finding that the trustee had improperly recovered the subject property for the bankruptcy estate would not overcome section 363(m). In the absence of a stay, section 363(m) renders moot any action which might affect the rights of a good faith purchaser. Although we have recognized narrow exceptions to this rule, see In re Mann, 907 F.2d at 926, an erroneous fraudulent conveyance holding on the part of the bankruptcy court would satisfy none of them.
 
 II.
 MOTION TO STAY THE APPEAL
 
 11
 Subsequent to filing the present appeal, Preblich petitioned this court to stay this proceeding pending the resolution of another matter which is pending before the Ninth Circuit Bankruptcy Appellate Panel, BAP No. 92-1861. Preblich contends that "[i]f this case should be decided favorably for the appellant, the Ninth Circuit case would become moot. If it is decided unfavorably, then it will be [appealed] and consolidated with the current appeal so there will be just one appeal." Preblich, however, gives no description of the issues involved in the BAP case or any explanation of why a favorable BAP decision would render the present appeal moot. For this reason we are not persuaded that staying the present appeal is necessary and accordingly deny Preblich's motion.[2]
 
 III.
 MOTION TO STRIKE
 
 12
 Sammut has moved to strike the Preblich's Reply Brief on the ground that it raises matters not within the scope of her opening brief and introduces evidence which is not a part of the record. Because we reach the merits of Preblich's appeal and reject it, we deny Sammut's motion as moot.
 
 IV.
 CONCLUSION
 
 13
 For the foregoing reasons, we affirm the district court's affirmance of the bankruptcy court's order authorizing the sale of the subject property, deny Preblich's motion to stay the present appeal and deny Sammut's motion to strike Preblich's Reply Brief.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The statute explicitly provides that:
 The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.
 11 U.S.C. Sec. 363(m).
 
 
 [2]
 Sammut suggests that the BAP case referred to by Preblich involves an attempt to reopen the adversary proceeding in which the bankruptcy court held that Preblich's conveyance of the subject property to her husband and son was fraudulent. As we explained above, however, a finding that the conveyance was not fraudulent would not overcome the strict requirement in section 363(m) that a stay be obtained if an appellate court is to provide any relief affecting the rights of a good faith purchaser